UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MALIBU BOATS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-656-TAV-HBG |
| | ) | |
| NAUTIQUE BOAT COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant Nautique Boat Company's Motion and Memorandum for a Stay Pending *Inter Partes* Review [Doc. 58], in which defendant requests a stay of this patent infringement litigation pending resolution of defendant's petition to the United States Patent and Trademark Office ("USPTO") for an *inter partes* review of U.S. Patent No. 8,539,897 (the "'897 patent"). Plaintiff submitted a response in opposition [Doc. 63], to which defendant submitted a reply [Doc. 65].

**I.     Background[1]**

Plaintiff filed this action in October 2013 alleging that defendant's sale of NSS-equipped watersports boats infringed plaintiff's patent covering technology that manipulates the size and shape of a boat's wake [*See* Doc. 1]. Specifically, and as set forth in its amended complaint, plaintiff asserts that defendant is infringing the '897

---

[1] Although discussed herein to the extent relevant, the Court presumes familiarity with the underlying facts of this case, as more fully set forth in the Court's Memorandum Opinion and Order denying plaintiff's motion for preliminary injunction [Doc. 42].

patent, U.S. Patent No. 8,534,214 (the "'214 patent"), and U.S. Patent No. 8,578,873 (the "'873 patent"). Soon after filing its complaint, plaintiff moved for preliminary injunctive relief as to the '897 patent only [Doc. 8], and, after extensive briefing by the parties as well as a hearing on January 6, 2014, the Court denied the motion in a Memorandum Opinion and Order entered February 4, 2014 [Doc. 42]. Although the parties have since engaged in a Rule 26(f) Planning Meeting, as well as proposed motions for discovery and a protective order [Docs. 41, 43, 44], the parties have not completed discovery or taken extensive deposition testimony. On April 16, 2014, the Court entered its Scheduling Order setting trial for February 9, 2015 [Doc. 47]. Plaintiff subsequently filed a partial motion for summary judgment on the issue of infringement as to six claims of the '897 patent and four claims of the '873 patent, which is currently pending [Doc. 51].

On June 27, 2014, defendant filed its petition for *inter partes* review with the Patent Trial and Appeal Board ("PTAB") of the USPTO pursuant to 35 U.S.C. § 311, asserting that the claims of the '897 are unpatentable because of prior art [Doc. 58-1].[2] Under the statutory provisions and corresponding regulations governing the *inter partes* petition process, plaintiff has three months to respond to the petition, after which the PTAB has three months to determine whether it will institute review. *See* 35 U.S.C. § 314(b). Should the PTAB accept review, the *inter partes* proceeding is limited to eighteen months under 35 U.S.C. § 316(a)(11); however, the PTAB's decision may be appealed to the Court of Appeals for the Federal Circuit. *See* 35 U.S.C. § 319.

---

[2] Defendant asserts that it also intends to seek *inter partes* review of the '214 patent, although the Court has not yet been advised that such review has actually been sought.

## II. Analysis

In support of its motion, defendant argues that a stay of this matter pending the outcome of the PTAB's *inter partes* review is in the best interests of the parties as well as judicial economy. Defendant asserts that, although a stay will delay the outcome of this litigation, allowing the *inter partes* proceeding to resolve first will potentially accelerate the resolution of this case, as the parties will have a clearer understanding of the issues, including several of the defenses that defendant will litigate as part of the *inter partes* review. In addition, to the extent plaintiff argues that it will be harmed by defendant's continued sale of defendant's allegedly infringing product, defendant contends such harm can be remedied by monetary awards and does not demonstrate undue prejudice. Finally, defendant argues that this litigation is only in its early stages, further warranting a stay.

Plaintiff first responds by arguing that the length of the potential delay in the event of a stay would greatly prejudice plaintiff because defendant, a direct competitor of plaintiff, could continue to sell its infringing product for a period of years. A stay is also not warranted, plaintiff submits, because defendant unnecessarily delayed filing its *inter partes* review petition, and had previously filed a declaratory action attempting to have the '897 patent declared invalid. Plaintiff furthers argues that, as defendant has only petitioned the PTAB for review one of the three patents-in-suit, granting a stay has very little likelihood of simplifying the issues before the Court. These factors, coupled with the fact that the parties have exchanged large volumes of documents and have otherwise

3

begun substantial discovery, plaintiff asserts, weigh in favor of denying defendant's motion.

Although the decision to stay litigation lies within the discretion of the district court, representing its power to control the disposition of cases on its docket, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), "'a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay.'" *Proctor & Gamble Co. v. Team Techs., Inc.*, No. 1:12-cv-552, 2013 WL 4830950, at *1 (S.D. Ohio Sept. 10, 2013) (quoting *Ohio Envtl. Council*, 565 F.2d 393, 396 (6th Cir. 1977)). In the context of potential PTO reexamination proceedings, courts generally weigh three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay would simplify the issues of the case; and (3) the stage of the proceedings. *Id.*; *see, e.g.*, *Radio Sys. Corp. v. E. Mishan & Sons, Inc.*, 3:13-cv-383, 2014 U.S. Dist. LEXIS 65975, at *3-4 (E.D. Tenn. Mar. 28, 2014). These factors, however, are not controlling, and a court's decision whether to grant a stay pending *inter partes* review "should be based upon the totality of the circumstances." *Universal Elec. Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013).

### A. Prejudice to the Non-Moving Party

Turning to the first factor, the Court finds that there is a risk of undue prejudice to plaintiff in this case that weighs against the issuance of a stay. As noted by the United States District Court for the Eastern District of Michigan, "[c]ourts routinely deny

4

requests for stay during the pendency of PTO proceedings where the parties are direct competitors." *Everlight Elec. Co., Ltd. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512, at *8 (E.D. Mich. Apr. 30, 2013); *see also Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865, 2010 WL 5140573, at *5 (D. Del. Dec. 13, 2010) ("Courts are reluctant to stay proceedings where the parties are direct competitors."); *Tesco Corp v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 852 (S.D. Tex. 2009 (noting that stay would likely prejudice non-movant where parties were direct competitors). While money damages would be available for lost sales, "the prospect of lost market share and price erosion inject an added measure of uncertainty into this action." *Proctor & Gamble*, 2013 WL 4830950, at *2 (quotations omitted). "Courts have found that infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages." *Universal*, 943 F. Supp. 2d at 1033.

In this case, plaintiff and defendant directly compete in a relatively narrow market with only a handful of competitors. *See ADA Solutions, Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351-52 (D. Mass. 2011) ("Compounding the prejudice that a stay would work on [plaintiff] is the fact that the parties are direct competitors in a relatively narrow sector of the ADA-compliance industry."). Plaintiff filed this action seeking to stop infringement of its patents by defendant's NSS-equipped boats, alleging that its presence causes a competitive harm not only as to plaintiff's sales but also to plaintiff's reputation in a limited market. This harm will be "further exacerbated" if this action is put on hold for up to several years. *See Proctor & Gamble*, 2013 WL 4830950, at *2.

5

While defendant argues that the time for review would be rather short based on the statutory requirements, it may be at least six months before a decision is made as to whether the petition for review would be granted and up to eighteen months before a decision rendered, excluding the time for appeals from a PTAB decision. This not only raises the general concerns present in prolonged litigation, such as spoliation of evidence and witness availability, but also presents specific risks as to the harm plaintiff may incur while defendant's product remains on the market, should plaintiff prove successful in ultimately proving its infringement claim. Plaintiff has also submitted evidence during the course of briefing this motion, in the form of corporate documents from defendant, which supports the allegation that NSS gives defendant a competitive advantage and puts plaintiff at a competitive disadvantage, neither of which may be quantified into a damages award. Although defendant argues that plaintiff's failure to meet its burden in its preliminary injunction motion indicates that plaintiff cannot show irreparable harm, the Court finds that plaintiff is not required to bring, much less be successful on, a motion for preliminary injunctive relief in order to demonstrate undue prejudice. *See id.* ("[t]he fact that Plaintiff did not seek a preliminary injunction does not mean that it would not suffer prejudicial harm from its competitor's market activity during a lengthy delay in a case" (quotations omitted)).

6

As discussed in its brief, plaintiff has taken efforts to litigate what it perceived as harmful infringing activity by defendant, and the increased harm that could result from a prolonged delay in the litigation weighs against the issuance of a stay.[3]

## B. Potential for the Simplification of Issues

Defendant's primary argument in support of its motion to stay focuses on the perceived benefits *inter partes* review would offer, such as a clarification of the issues in the case and defenses available to defendant, which could in turn shorten the time for discovery and increase the chances of settlement. Plaintiff responds that because there has been a petition for *inter partes* review for only one of the three patents-in-suit, and any proceeding would not take up several of defendants' defenses, the delay would do little to meaningfully simplify the issues before the Court.

Initially, the Court notes that *inter partes* review has not yet been granted, so that any benefit from the stay is contingent upon the petition being granted by the PTAB. Although defendant asserts that such petitions are granted at a "high rate" [Doc. 58 at 6], review is not automatic and requires a finding of a "substantial question of patentability." *Roblor Marketing Grp., Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1346, 1348 (S.D. Fla. 2008) (granting stay where PTO examiner granted a request for *inter partes* review filed by one set of defendants but denied another for failure to present question of patentability). *Cf. Proctor & Gamble*, 2013 WL 4830950, at *4 n.1 (finding that delay in

---

[3] As to plaintiff's argument that defendant delayed in seeking *inter partes* review, the Court finds no evidence that defendant's delay, if any, was made in bad faith or to otherwise gain a tactical advantage, so that the mere fact of the delay weighs neither in favor of nor against a stay.

7

decision of whether to grant *inter partes* review warranted against stay and collecting similar cases). Thus, the *inter partes* review process has some potential to clarify some of the issues in this case, but that potential is speculative at best until the petition is granted.

The Court similarly notes that there is an issue whether defendant was able to file an *inter partes* review after filing a declaratory suit in the Middle District of Florida, which was subsequently dismissed [*See* Doc. 39 (denying defendant's motion to transfer and granting plaintiff's motion to enjoin Florida suit)]. In support of its position that defendant is barred from filing for *inter partes* review, plaintiff cites to 35 U.S.C. § 315(a)(1), which states that "[a]n *inter partes* review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent." Plaintiff, however, recognizes that the PTAB has granted *inter partes* review in some cases where declaratory actions had been filed but dismissed without prejudice, which plaintiff argues is in violation of the statute. Although the Court makes no determination as to the validity of plaintiff's argument or the application of the statute to this case, the Court finds that there is the possibility that defendant may not be able to seek *inter partes* review, which would reduce the likelihood of clarification of the issues.

Even if the Court assumed that the petition would be granted, and that the *inter partes* review invalidated the claims of the '897 patent, the Court notes that the impact of the review on this litigation would be limited because it would resolve only one of the

three patents-in-suit.  In addition, defendant has asserted equitable defenses that would not be relevant in any *inter partes* proceeding.  While defendant argues that it intends to seek review of the '873 patent, it has not done so, and, again, the mere filing of the review petition does not mean that the patent will come under review.  At present, then, defendant has not shown the outcome of any examination would "finally resolve" the issues in the litigation.  *Everlight*, 2013 WL 1821512, at *9; *Largan Precision Co. LTD. v. Fujifilm Corp.*, No. C 10-1318 SBA, 2011 WL 794983, at *3 (N.D. Cal. Mar. 1, 2011) ("If regardless of the result of the reexamination, there are still claims or counterclaims that need to be resolved by the Court, then reexamination clearly fails to provide final resolution.").  The Court finds that this factor does not weigh in favor of the issuance of a stay.

### C.     Stage of the Litigation

Finally, the Court turns to the stage of the litigation.  As previously discussed, this matter was filed in October 2013. The Scheduling Order in this case was entered in April 2014, providing for a February 2015 trial date.  The parties have already litigated the issue of whether the case should continue in this district or be transferred to the Middle District of Florida, as well as the numerous issues surrounding plaintiff's motion for injunctive relief.  In taking up and analyzing these issues in the memorandum opinions previously noted, the Court has devoted considerable time and resources to familiarizing itself with the underlying facts of the parties' dispute as well as the relevant case law, as have the parties.  *See Universal*, 943 F. Supp. 2d at 1031 ("The Court's expenditure of

resources is an important factor in evaluating the stage of the proceedings."); *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 407 (W.D.N.Y. 1999) (denying stay where "[s]ubstantial time and expense" had been invested in litigation). Plaintiff has also filed a motion for summary judgment as to the issue of infringement [Doc. 51], which has not yet ripened. While it does not appear that discovery has been completed, the Court nevertheless concludes that this litigation has progressed to the point where a prolonged delay would not be an effective use of judicial resources, particularly considering the fact that the ultimate outcome of any *inter partes* proceeding, and its impact on this litigation, would not be determined for a period of several years. Thus, this factor also weighs against the issuance of a stay.

### III. Conclusion

Having reviewed the relevant factors and considering the totality of the circumstances in this case, the Court finds that the issuance of a stay pending defendant's proposed *inter partes* review would unduly prejudice plaintiff without substantially simplifying the issues before the Court, and would also not serve the interests of judicial economy given the present stage of the litigation. Accordingly, defendant's motion for a stay [Doc. 58] will be **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE